ANDERSON, LIPTON & COMPANY, Appellee, v. HULDA REINKING, Executrix, Appellant.

BILLS AND NOTES:   Delivery—Conditional Delivery—Waiver.   The
1   plea that a promissory note was negotiated in violation of a condi-
tional delivery must fail in the face of conclusive testimony that said
note was surrendered by the indorsee to the maker, who thereupon ex-
ecuted and unconditionally delivered the note in suit.' (See Book of
Anno., Vol. 1, Sec. 9476.)

APPEAL AND ERROR:   Harmless Error—Evidence on Non-recover-
2   able Issue.   The rejection of testimony bearing on an issue on
which the complainant could in no event recover is harmless.

Headnote 1:   8 C. J. pp. 1052, 1065.   Headnote 2:   4 C. J. pp. 1004,
1009.

Headnote 2:   2 R. C. L. 255.

*Appeal from Ida District Court.*—J. A. HENDERSON, Judge.

MAY 10, 1927.

REHEARING DENIED OCTOBER 1, 1927.

Action to recover on a negotiable promissory note. Plain-
tiff filed its petition in probate for the allowance of the claim
against the estate of Will Reinking, deceased. Cause tried to a
jury, the trial resulting in a verdict for the claimant. Defend-
ant appeals.—*Affirmed.*

*J. C. Walter* and *P. W. Harding,* for appellant.

*C. S. Macomber* and *Snell Brothers,* for appellee.

DE GRAFF, J.—The note in suit, payable to plaintiff, bears
date January 1, 1920, and matured one year after date. It was
executed by Will Reinking, and the claim was filed against

1. BILLS AND         Hulda Reinking, as executrix of the estate of
NOTES: delivery:     Will Reinking, deceased.   The defendant an-
conditional de-
livery: waiver.      swered by general denial, and also pleaded a
failure of consideration, and that the delivery of the note was

conditional. The signature of decedent-maker is not denied. Had the plaintiff, as payee and holder of the note, made profert of same, and rested, a prima-facie case would have been established.

The primary complaint of appellant is based upon alleged errors in the instructions; but the case, in reality, involves fact questions. The cause was tried by appellant on the theory that the consideration of the note was the purchase of 100 shares of capital stock of the Iowa Bankers Mortgage Company, and that the note was delivered to one Meents, with an oral understanding or agreement that it was to be held by him until the stock was issued, and that, if the stock was not delivered, the note would not be a binding obligation, and was to be returned to the maker.

It is the claim of the plaintiff-appellee that the note in suit is a renewal of a former note in the same amount, executed by Reinking to Meents and Johnson, officers and agents of the mortgage company, and that the new or renewal note was executed directly to the appellee.

There is no claim of fraud by appellant, but reliance is made solely upon the alleged conditional delivery of the note. It is not clear whether counsel intended to waive the plea of a failure of consideration; but, in view of the submission of this issue to the jury, we deem it unnecessary to give the matter further consideration.

The evidence offered on behalf of the appellee, which is substantially without conflict, discloses that, on September 7, 1919, the decedent gave a note for $8,500 to Meents and Johnson, due January 1, 1920, and that, on December 3d, this note, with several others, was negotiated for value to the appellee-bank and entered upon its discount register. It is also shown that said note was paid March 6, 1920, by the execution of a new note (the one in suit), bearing date January 1, 1920, payable in one year. The entry of the later note upon the discount register of the bank follows four entries of other notes under date of March 5, 1920. The true dates on the note are, however, entered on the discount register.

It is further shown, without conflict, that the decedent went to California in September, 1919, where he remained until sometime in February, 1920; that the note in suit was executed

March 6, 1920, but antedated to January 1st, and that the former note executed to Meents and Johnson was returned to Reinking.

The original note was not produced at the trial, and the appellee denied any knowledge thereof. The evidence bearing on the return of the original note to the decedent is not denied by any testimony, unless it may be said that the circumstances tend to negative this fact. The testimony of appellant was not directed to the instant note to negative the theory of appellee that it was a renewal of the former note. If the original note was, in fact, surrendered to the decedent, then the testimony of the defendant is almost wholly irrelevant to the issues tendered by plaintiff on the note in controversy. This is true for the reason that, if the note in suit is a renewal of the former note, the plea of conditional delivery is without anything in the evidence to support it. The testimony of appellee on the question of delivery is, as indicated, without dispute, so that primarily the issue of fact for the jury was whether the note in suit was or was not the original note given for the purchase price of the stock. All the testimony of appellant was offered on the theory that the decedent signed and delivered but one note.

The appellant-executrix testified to conversations which she claimed to have overheard between decedent and Meents, and between decedent and certain officers or representatives of the appellee. She testified, over objections, that, in a conversation between her husband and a representative of the bank, the former denied giving a note to the bank, and asserted that the note he signed was given to the Mid-West Mortgage Company (later known as the Iowa Bankers Mortgage Company). She further testified that her husband denied that he knew that the bank had the note until after he had talked with Meents, in July, 1920, and demanded that it be returned to him, and Meents promised to return it. Meents was not an officer of the appellee-bank, and in no manner represented the appellee in any conversation or transaction with decedent.

Upon the conclusion of the plaintiff's testimony, the defendant moved for a directed verdict, which motion was overruled, and properly so.

The first error assigned and argued by appellant is based upon the exclusion by the court of a written instrument identi-

fied and known as Exhibit 4, which purports to be an applica-

2. APPEAL AND    tion, without signature, for 100 shares of capi-
ERROR: harm-
less error: evi-    tal stock of the Iowa Bankers Mortgage Com-
dence on non-
recoverable    pany for a consideration of $10,000—$1,500
issue.    cash and $8,500 by note, due January 1, 1921.

The subscription contract purports to be dated January 1, ——.
Below the space for the signature of the subscriber is a receipt
signed by Edward Meents to decedent for $1;500 cash and a note
for $8,500, due January 1, 1921.· The purpose for which the
instrument Exhibit 4 was offered was to show that the note in
suit is the original instrument signed by the decedent.    The
dates recited on the unsigned instrument, taken in connection
with the date of the note in suit, carry the inference that the
contract was prepared in the year 1920.    There was but one sale
of stock by subscription from Meents to Reinking, and Meents
testified, as a witness called by defendant, that "the sale of
stock was prior to January 1, 1920."·

On January 1, 1920, the decedent was in California, and it
is not claimed that the receipt signed by Meents was not signed
in Ida Grove.    Meents was unable to explain, in his testimony,
why a note bearing the same date as the written instrument in
suit was referred to in the receipt on Exhibit 4.    All of the oral
testimony was to the effect that the stock was purchased in
September, 1919.    Exhibit 4 might well have been admitted, but
its exclusion does not constitute reversible error.

Exceptions were preserved to practically every paragraph
of the court's charge to the jury; but the instructions, as a whole,
were favorable to the appellant.    Had the issue been submitted
to the jury, and a finding returned that the note in suit was not
a renewal of the former note, and that it was delivered on condi-
tion, such a finding could not be sustained.    The overwhelming
weight of the evidence is that the note in suit was executed in
renewal of a former note.    There is no claim by anyone that the
delivery of the note to the bank was conditional.

The defense of conditional delivery relied upon by appel-
lant relates solely to the note executed by the decedent in Sep-
tember, 1919.    Appellant does not rely upon fraud in any par-
ticular.    The execution and delivery of a new note by decedent
to appellee without condition must be viewed as an abandon-
ment of the alleged conditional delivery of the original note to

Meents. To be available to appellant for any purpose, the plea of conditional delivery must relate to the note in suit, and not to the note which it supplanted. It follows, therefore, that as to the plea of conditional delivery there was nothing to submit to the jury.

None of the testimony as to the execution and delivery of the instant note was denied by any witness, nor is the matter in dispute, unless the conversation between the decedent and Meents tended to so indicate; but it is clear that the subject of the conversation was the original note. The testimony of the employee of the bank who prepared the note in suit and returned the original or first note to decedent is corroborated by the testimony of several witnesses.

Appellant contends that Meents was the agent of the bank, and that the original note was executed to him as such agent. This contention is without support in the evidence. The appellee-bank purchased notes of Meents and Johnson, and these are shown in the discount register; but Meents and Johnson are not shown to have represented the bank in any capacity.

The jury returned a verdict in favor of the plaintiff, and under the record no other verdict was justified. The judgment entered is—*Affirmed.*

EVANS, C. J., and ALBERT, MORLING, and KINDIG, JJ., concur.